IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KEY, JR., )<br>        Petitioner, )<br>  vs. )<br>J. WALKER, Warden, )<br>        Respondent. ) | No. C 06-4199 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at California State Prison, Sacramento, has filed a pro se First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("FAP").

**BACKGROUND**

Petitioner was convicted by a jury in Alameda County superior court of one count of first degree murder, three counts of attempted murder, one count of carjacking, one count of second degree robbery and two counts of possession of a firearm by a felon. The jury also found true several enhancement allegations and, on December 13, 2002, petitioner was sentenced to an indeterminate term of 114 years to life, plus a determinate term of 33 years.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which on July 27, 2005 denied review.

On July 7, 2006, petitioner filed the instant federal petition in this court. Per orders filed on December 4, 2006 and May 17, 2007, the court granted his requests for a stay to permit him to exhaust additional claims in the state courts and advised him that, within 30 days of his exhausting the claims in the state high court, he must move to reopen the case, lift the court's stay and amend the stayed petition to add the newly-exhausted claims.

On February 1, 2008, petitioner returned to federal court and moved to reopen the case, lift the court's stay and file a FAP containing all of his claims. He alleged that his final state petition was denied by the state high court on January 3, 2008. The motion was granted and the FAP ordered filed.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising several claims, including improper admission and exclusion of evidence, prejudicial denial of severance, instructional error, prosecutorial misconduct and unconstitutionally

excessive sentence.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the FAP and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days

3

| | |
|---|---|
| 1 | of receipt of any opposition. |
| 2 |     4.    Petitioner is reminded that all communications with the court must |
| 3 | be served on respondent by mailing a true copy of the document to respondent's |
| 4 | counsel.  Petitioner must also keep the court and all parties informed of any |
| 5 | change of address. |
| 6 | SO ORDERED. |
| 7 | DATED:  July 21, 2008 |
| 8 | CHARLES R. BREYER<br>United States District Judge |